UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD HARDEN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DR. MONNINGHOFF, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:14-cv-00377-APG-PAL<br><br>**ORDER ON PLAINTIFF'S MOTIONS**<br><br>(Dkt. ##48, 51, 52, 61) |

　　　This case arises out of Harden's allegation that the Nevada Department of Corrections violated his constitutional rights by administering medications to him against his will. Harden filed several motions and makes five different requests. (Dkt. ## 48, 51, 52, 61.)

　　　First, Harden asks that I dismiss defendants' motion to dismiss and motion for summary judgment. But defendants have not yet filed either of these.[1] So I deny these requests.

　　　Second, Harden asks me to compel defendants to answer interrogatories. I deny this request because discovery has not yet begun. *See* Fed. R. Civ. P. 26 (discussing proper timing of discovery requests).

　　　Third, Harden asks me to compel defendants to supply name and address information for all named defendants in this case. He also asks that I sanction defendants for failing to comply with my previous order to provide this information. I deny these requests because my order for defendants to provide contact information applied only to "named" defendants listed in the complaint, and the defendants have provided Harden this information.

　　　Fourth, Harden asks for sanctions because defendants failed to negotiate settlement options and engaged in delay tactics by changing their attorney. Neither of these arguments has

---

[1] It appears Harden mistakenly believed defendants filed additional motions because of minute orders I issued explaining the parties' rights pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (*See* Dkt. ##45, 49, 53.)

merit. I did not order defendants to negotiate settlement options with Harden; I only encouraged it. In fact, I denied Harden's past request for sanctions based on a similar argument that defendants failed to participate in a mediation. (Dkt. #34.) Further, changing attorneys does not violate any rule.

Finally, Harden asks me "for an order to show cause as to why there shall not be contempt of court for violating a lawful order / settlement agreement." (Dkt. #61.) This request fails because Harden did not provide any evidence of a settlement agreement. To the extent Harden seeks to obtain evidence to support his allegations of a settlement agreement, or any other information, he may do so once discovery has opened.

IT IS THEREFORE ORDERED that plaintiff's motions to dismiss (Dkt. ##48, 51) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Dkt. #52) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to show cause (Dkt. #61) is DENIED.

DATED THIS 8th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE