UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD D. HARDEN,<br><br>Plaintiff,<br>v.<br>C. MONNINGHOFF, et al.,<br><br>Defendants. | Case No. 2:14-cv-00377-APG-PAL<br><br>**ORDER**<br><br>(Mot. to Produce Settlement – Dkt. #66)<br>(Mot. to Supply Dkt. Summary – Dkt. #69)<br>(Mot. for OSC – Dkt. #71)<br>(Mot. to Start Investigation – Dkt. #72)<br>(Mot. re: Extend Time – Dkt. #73)<br>(Mots. Extend Time – Dkt. ## 74, 75) |

This matter is before the Court on several motions: (1) Plaintiff Harold D. Harden's Motion to Produce Settlement (Dkt. #66); (2) Plaintiff's Motion to Supply Plaintiff the Court Summary Docket (Dkt. #69); (3) Plaintiff's Motion for an Order to Show Cause (Dkt. #71); (4) Plaintiff's Motion to Start Investigation (Dkt. #72); (5) Plaintiff's Motion to Dismiss Defendant's Motion to Extend Time (Dkt. #73); and (6–7) Defendants Christine S. Monninghoff and Rafael Aguilera's Motions to Extend Time to Respond to Plaintiff's Motions (Dkt. ##74, 75). The Court has considered the Motions. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

Plaintiff is prisoner proceeding in this case *pro se* and *in forma pauperis*. On June 8, 2015, U.S. District Court Judge Andrew P. Gordon denied several motions filed by Plaintiff, including a motion for order to show cause as to why Defendants should not be held in contempt of court for violating a "lawful order / settlement agreement." Order (Dkt. #65). The Court found that Plaintiff's request failed because he did not provide evidence of the settlement agreement. *Id*. at 2. The Court also noted, "to the extent Harden seeks to obtain evidence to support his allegations of a settlement agreement, or any other information, he may do so once discovery has opened." *Id*.

Shortly thereafter, the Clerk of the Court received and filed Plaintiff's Motion to Produce Settlement (Dkt. #66) and Motion for Temporary Injunction (Dkt. #67).[1]  Defendants filed a Motion to Extend Time to Respond to Plaintiff's Motion to Produce Settlement (Dkt. #66) on June 10, 2015, due to counsel's travel plans and maternity leave.  Meanwhile, Plaintiff filed an additional Motion to Supply Plaintiff the Court Summary Docket (Dkt. #69).  The Court granted Defendants request for extension of time on June 11, 2015, and directed Defendants to file their responses to all pending motions (Dkt. ## 66, 67, 69) on or before July 27, 2015.  *See* Minute Order (Dkt. #70).

On June 12, 2015, Plaintiff filed his second Plaintiff's Motion for an Order to Show Cause (Dkt. #71), which basically restates the arguments Judge Gordon previously rejected, *see* Order (Dkt. #65) (denying Plaintiff's first Motion for Order to Show Cause (Dkt. #61)), as well as those in Plaintiff's pending Motion to Produce Settlement (Dkt. #66).  Plaintiff also asked the Court to start an investigation on the E.S.P. N.D.O.C. Mailroom and Mail Handlers and Ely Nevada United States Postal Office.  *See* Mot. to Start Investigation (Dkt. #72).

After Plaintiff learned that Defendants' requested an extension of time to oppose his motion, he filed a Motion to Dismiss Defendants' Motion to Extend Time (Dkt. #73) apparently unaware that Judge Gordon had already granted Defendants' request.  Given Plaintiff's new motions, defense counsel filed two more motions requesting extensions of time to oppose those motions on or before July 27, 2015, which is consistent with the Court's Minute Order (Dkt. #70).  *See* Mots. to Extend Time to Respond to Pl's Mots. (Dkt. ##74, 75).

As a preliminary matter, the Court warns Plaintiff for the second time: filing duplicate motions requesting the same relief is an abusive litigation tactic that will result in sanctions up to and including dismissing this case.  *See* Order (Dkt. #46) at 3.  Making repeated requests for the same relief is an abusive litigation tactic that taxes the resources of this Court and all of the parties to this lawsuit.  Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous.  *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec.*

---

[1] Plaintiff has now filed another Motion for Temporary Restraining Order (Dkt. #77).

*Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).  Once a motion is filed, submitting a duplicate motion will not speed up the Court's review of Plaintiff's request since motions are generally addressed in the order that they were filed.  To the contrary, filing duplicate motions increases the Court's workload, and generally delays decision while a new round of responses and reply deadlines run.  Plaintiff is warned once again that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in sanctions, including dismissal of this case.

The Court denies Plaintiff's Motion to Produce Settlement (Dkt. #66) and Motion for an Order to Show Cause (Dkt. #71) without prejudice because they are premature and request the same relief as his first Motion for Order to Show Cause (Dkt. #61) that Judge Gordon already denied.  *See* Order (Dkt. #65).  Filing a motion with the Court is not the proper procedure for requesting written discovery materials from a party.  Once the Court enters a scheduling order, the parties are permitted to engage in discovery.  Discovery requests must be served on opposing parties, who then have 30 days to respond.  A motion to compel discovery materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the Court's intervention.  Plaintiff should carefully review the discovery rules contained in Rules 26–36 of the Federal Rules of Civil Procedure and the Local Rules of Practice to ensure that he follows the appropriate procedures.

A Scheduling Order commencing discovery in this case will be entered along with this Order and Plaintiff may serve written discovery requests on Defendants seeking documents and evidence to support his allegations of a settlement agreement, or any other relevant information, in accordance with the applicable discovery rules.

Plaintiff's Motion to Start Investigation (Dkt. #72) is denied.  It requests an order "to see exactly what is going on" and the court cannot figure out what Plaintiff is seeking.  To the extent Plaintiff is claiming he is not receiving his legal mail in a timely fashion the court will direct

3

counsel for Defendant to inquire with the appropriate mailroom employees to ensure that Plaintiff's legal mail is appropriately processed and delivered to him in a timely manner. Defendants' Motions to Extend Time to Respond to Plaintiff's Motions (Dkt. ##74, 75) are denied as moot. Additionally, Plaintiff's Motion to Dismiss Defendants' Motion to Extend Time (Dkt. #73) was rendered moot by Judge Gordon's Minute Order (Dkt. #70) granting Motion to Extend Time, and the Court denies it as such.[2]

**IT IS ORDERED**:

1. Plaintiff Harold D. Harden's Motion to Produce Settlement (Dkt. #66) is DENIED without prejudice as premature and duplicative.

2. Plaintiff's Motion to Supply Plaintiff the Court Summary Docket (Dkt. #69) is GRANTED. The Clerk of the Court is instructed to mail Plaintiff a copy of the docket sheet for this action.

3. Plaintiff's Motion for an Order to Show Cause (Dkt. #71) is DENIED as without prejudice as premature and duplicative.

4. Plaintiff's Motion to Start Investigation (Dkt. #72) is DENIED. However counsel for Defendant shall comply with the above directive to ensure Plaintiff's legal mail is being timely processed and delivered to him.

5. Plaintiff's Motion to Dismiss Defendant's Motion to Extend Time (Dkt. #73) is DENIED as moot.

6. Defendants Christine S. Moninghoff and Rafael Aguilera's Motions to Extend Time to Respond to Plaintiff's Motions (Dkt. ##74, 75) are DENIED as moot.

Dated this 14th day of July, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Notably, Plaintiff seems to acknowledge that his motion in now moot because he has filed a Motion for Relief from Judgment as a Matter of Law (Dkt. #76) asking Judge Gordon to reconsider the extension of time because Defendants "lawfully didn't deserve such enlargement / extension."

4