UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD D. HARDEN,<br><br>                            Mr. Harden,<br>   v.<br>C. MONNINGHOFF, et al.,<br><br>                            Defendants. | Case No. 2:14-cv-00377-APG-PAL<br><br>**ORDER**<br><br>(Mot. Pretrial Conf. – Dkt. #80)<br>(Mot. Dismiss Responses – Dkt. #84, #97)<br>(Mot. Copies Ct. Mins. – Dkt. #90) |

       This matter is before the Court on Plaintiff Harold D. Harden's Motion for Pretrial Conference (Dkt. #80); Motion to Dismiss Response to Motion (Dkt. #84); Motion for Copies of Court Minutes (Dkt. #90); and Motion to Dismiss Response to Motion (Dkt. #97). This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. The Court has considered the Motions and Defendants' Oppositions (Dkt. #86, #92). Mr. Harden has not filed reply briefs and the time for doing so has now passed.

       Mr. Harden is a prisoner in the custody of the Nevada Department of Corrections, and he is proceeding in this case *pro se* and *in forma pauperis*. This case arises from his allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his civil rights. In count 1 of his Complaint, Mr. Harden alleges that Defendants violated the Due Process Clause of the Fourteenth Amendment by moving him to the prison mental health unit without notice or a hearing and against his objections. *See* Screening Order (Dkt. #16). Upon screening his Complaint, the Court determined that it stated a colorable claim for a due process violation. *Id*.

       The Court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id*. However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Order (Dkt. #34). On January 7, 2015, the Nevada

1  Office of the Attorney General accepted service on behalf of Defendants Agular and
2  Monninghoff (the "NDOC Defendants"). *See* Notice Acceptance of Service (Dkt. #36). The
3  NDOC Defendants filed their Answer (Dkt. #42) to the Complaint on February 17, 2015. On
4  July 15, 2015, the Court entered a Scheduling Order (Dkt. #79) directing that "discovery in this
5  action shall be completed on or before ninety (90) days from the date of this Order, which is
6  October 12, 2015." *Id.* ¶ 3.

### I. MOTION FOR PRETRIAL CONFERENCE (DKT. #80)

Mr. Harden argues that an order granting the Motion will allow him to "prove his alleged acusations [sic] warranted." Pl.'s Mot. at 2. The purpose of a pretrial conference is to involve the Court in early case management, expedite resolution of a case, discourage wasteful pretrial activities, improve the quality of the trial through more thorough trial preparation, and facilitate settlement. It is not a forum to present evidence or oral argument regarding the merits of Mr. Harden's claims. A motion to dismiss and motion for summary judgment have been filed. District Judge Andrew P. Gordon will decide these motions. It is up to Judge Gordon to decide whether to hold oral argument on those motions or to decide them based on the motions and responses. If Judge Gordon denies one or both motions and that there are issues of fact for a jury to decide, the parties will be required to submit a joint pretrial order and the case will be set for trial. Discovery has closed and there is no need for a pretrial conference at this time. The motion is therefore denied.

### II. MOTION TO DISMISS RESPONSE TO MOTION (DKT. #84)

In this Motion, Mr. Harden asks the Court to "dismiss" the NDOC Defendants' Response (Dkt. #82) to his Motion for Preliminary Injunction (Dkt. #67). Mr. Harden argues that the response was untimely because it was not filed within 14 days of his Motion. However, Judge Gordon granted the NDOC Defendants' request to extend certain response deadlines in Minute Order (Dkt. #70), including the deadline to respond to his Motion for Preliminary Injunction. The NDOC Defendants were given until July 27, 2015, to file a response, and they complied with the new deadline by filing their Response on July 27th. *See* Fed. R. Civ. Pro. 6(b) (stating

1  that the court may extend the time for a party to act). As such, the NDOC Defendants' response
2  was timely. Therefore, Mr. Harden's motion lacks merit and is denied.

3  It appears Mr. Harden's motion to "dismiss" was actually asking for the court not to
4  consider or to strike the response as untimely. The Federal Rules of Civil Procedure and the
5  Local Rules of Practice provide for a motion, response (also known as an opposition), and a
6  reply. *See* LR 7-2. A reply brief gives the party who filed the motion an opportunity to
7  specifically address the arguments raised in the opposing party's response. A motion to strike is
8  a new motion which then results in additional delay while the Court waits for a response and
9  reply. Any future request that the Court not consider a response as untimely should simply be
10 included in Mr. Harden's reply.

**III.   MOTION FOR COPIES OF COURT MINUTES (DKT. #90)**

12  In this Motion (Dkt. #90), Mr. Harden requests that he be mailed copies of the Court's
13 minutes, the Court's decisions on his motions from the month of June 2015 to August 2015, and
14 a copy of his motion for appointment of counsel with the supporting affidavit and exhibits of his
15 mental health treatment. *Id*. at 1–2. Mr. Harden asserts that copies are necessary to see that the
16 Court actually received the documentation he submitted and to determine whether his legal mail
17 was sabotaged. *Id*. at 3. The NDOC Defendants have opposed Mr. Harden's motion, arguing
18 that Mr. Harden is attempting to circumvent NDOC regulations and copy fees by requesting that
19 the Court prepare such copies instead of prison staff members. *See* Defs.' Response (Dkt. #92).

20  Mr. Harden's requests are denied for several reasons. First, the Motion (Dkt. #90)
21 suggests a misunderstanding about the Court's prior Order (Dkt. #78), which ruled on Mr.
22 Harden's request for the Court to start an investigation regarding problems with his legal mail.
23 The Order states: "[t]o the extent Mr. Harden is claiming he is not receiving his legal mail in a
24 timely fashion the court will direct counsel for Defendant *to inquire with the appropriate*
25 *mailroom employees* to ensure that Mr. Harden's legal mail is appropriately processed and
26 delivered to him in a timely manner." *Id*. at 3:27–4:2 (emphasis added). The current Motion
27 (Dkt. #90) states that counsel for the NDOC Defendants failed to notify him of who is in charge
28 of or has responsibility for the mailroom, and this failure is a "blatant disregard" of the Court's

3

order. *Id*. at 2. Counsel for the NDOC Defendants was not instructed to provide Mr. Harden with the notice he now asks for. Rather the Court directed that defense counsel investigate the matter. Counsel for NDOC represents in the Response (Dkt. #92) that "counsel has looked into this matter and has been informed by mail room employees at Ely State Prison that no one at Ely State Prison mail room is deliberately tampering with Mr. Harden's legal mail." *Id*. at 4:4–6. Unfortunately, in the Court's experience, inmate complaints about delayed mail are common. Defense counsel has a duty of candor, meaning truthfulness or honesty. By signing the opposition, counsel has certified as to the truthfulness of his statements and may be subject to sanctions for misrepresentations. *See* Fed. R. Civ. Pro. 11. The docket reflects that Mr. Harden has successfully filed numerous motions since the Court entered its order and scheduling order, some of which are addressed in this order.

Second, the Court will deny Mr. Harden's copy requests because it is unclear exactly which documents he seeks. Mr. Harden seeks copies of the Court's minutes, but he does not specify *which* minute orders he seeks. The Court has entered numerous minute orders. The Clerk of Court serves any minutes entered. Mr. Hardin knows what he intended to file with the court, and if he has any reason to believe any document was not filed because of NDOC's actions or inactions it is his responsibility to identify the document(s). However, as a courtesy this one time, the Court will direct the Clerk of Court to serve Mr. Hardin with a copy of the docket sheet in this case which identifies everything filed in this case and every order entered by the court by docket number.

Additionally, Mr. Harden's broad copy requests are denied because the appropriate copy fees have not been submitted to the Court. An inmate generally has no constitutional right to free photocopying or to obtain court documents without payment. *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996) (the constitutional right of access to the courts does not impose an "obligation on the States to finance and support prisoner litigation"). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates may "accrue a maximum of $100 debt for copy work expenses for all cases, not per case." However, nothing in the federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or Ninth Circuit case law authorizes the federal courts to

4

finance or subsidize the fees and costs associated with prosecuting a civil action. *See* LSR 1-8 (stating that *in forma pauperis* status "does not waive the applicant's responsibility to pay expenses of litigation which are not covered by 28 U.S.C. § 1915," including copies).

Pursuant to 28 U.S.C. § 1914(b) and §1930, the Judicial Conference has adopted a schedule of fees for filings and related services provided by the United States Courts. Payment of copy fees is required at the time the request is made—the court does not allow inmates or any other litigants to accrue copy fees. *See Filing a Complaint on Your Own Behalf*, U.S. Dist. Ct. Nevada at 5 & Attachment 12 (Schedule of Fees). Thus, if an inmate desires to receive a file-stamped copy of any document he or she submitted to the court, the inmate must provide an additional copy (or copies) of the document along with a self-addressed stamped envelope. *Id*. Upon the court's entry of an order or minute order, the clerk's office will mail an inmate one copy of the order at no cost. Later requests for an additional copy (or copies) are subject to copy fees. At the court's discretion, the clerk's office will mail an inmate a copy of the docket sheet upon request.

Here, Mr. Harden asserts that costs may be paid at the end of his civil action. Some costs are assessed against the losing party at the end of the case. However, this does not mean a party is excused from paying costs he is responsible for in pursuing his claims. The Motion (Dkt. #90) is therefore denied. The Court will instruct the clerk's office to mail Mr. Harden an updated copy of the docket sheet along with a *pro se* litigant's guide and the attached schedule of fees.

### IV.  MOTION TO DISMISS RESPONSE TO MOTIONS (DKT. #97)

This Motion (Dkt. #97) asks the Court to "dismiss" the NDOC Defendants' Response (Dkt. #92) to Mr. Harden's Motion for Copies of Court Minutes (Dkt. #90). Mr. Harden asserts that the NDOC Defendants' Response should be disregarded as untimely. This argument lacks merit. The Response was due on September 25, 2015. The Response was timely filed on September 25th. The Motion further states that NDOC regulations are not applicable to his Motion for Copies of Court Minutes (Dkt. #90). Given the nature of this argument, it appears that this "motion" is actually Mr. Harden's reply in support of his motion requesting copies. As explained above, when Mr. Harden wishes to address the arguments presented by the NDOC

5

Defendants' in a response, he should title that filing a reply.—not a motion to dismiss a response. The motion is denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Harold D. Harden's Motion for Pretrial Conference (Dkt. #80); Motion to Dismiss Response to Motion (Dkt. #84); Motion for Copies of Court Minutes (Dkt. #90); and Motion to Dismiss Response to Motion (Dkt. #97) are **DENIED**.

2. The Clerk of the Court shall mail Mr. Harden:

   a. an updated copy of the docket sheet; and

   b. the Court's *pro se* litigant's guide, *Filing a Complaint on Your Own Behalf*, U.S. Dist. Ct. Nevada, and Schedule of Fees at Attachment 12.

Dated this 20th day of January, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE