UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD D. HARDEN,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>C. MONNINGHOFF, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cv-00377-APG-PAL<br><br>**ORDER**<br><br>(Mot. Compel – Dkt. #100)<br>(Mot. File Am. Compl. – Dkt. #101)<br>(Mot. Ext. Time – Dkt. #118) |

　　　　This matter is before the Court on Plaintiff Harold D. Harden's Motion for an Order Compelling Discovery (Dkt. #100); Motion for Leave to File an Amended Complaint (Dkt. #101); and Motion to Extend Time (Dkt. #118). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

　　　　Mr. Harden is a prisoner in the custody of the Nevada Department of Corrections, and he is proceeding in this case *pro se* and *in forma pauperis*. This case arises from his allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his civil rights. In count 1 of his Complaint, Mr. Harden alleges that Defendants violated the Due Process Clause of the Fourteenth Amendment by moving him to the prison mental health unit without notice or a hearing and against his objections. *See* Screening Order (Dkt. #16). Upon screening his Complaint, the Court determined that it stated a colorable claim for a due process violation. *Id*.

　　　　The Court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id*. However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Order (Dkt. #34). On January 7, 2015, the Nevada Office of the Attorney General accepted service on behalf of Defendants Agular and

Monninghoff (the "NDOC Defendants").  *See* Notice Acceptance of Service (Dkt. #36).  The NDOC Defendants filed their Answer (Dkt. #42) to the Complaint on February 17, 2015.

On July 15, 2015, the Court entered a Scheduling Order (Dkt. #79) directing that "discovery in this action shall be completed on or before ninety (90) days from the date of this Order, which is October 12, 2015." *Id.* ¶ 3.  The Scheduling Order also provided deadlines to: (i) amend pleadings or join additional parties, September 14, 2015, and (ii) file discovery motions, October 27, 2015.  *See id.* ¶¶ 1–3.

I.   **MOTION FOR AN ORDER COMPELLING DISCOVERY (DKT. #100)**

In this Motion, Mr. Harden asks the Court to compel the NDOC Defendants to "fully answer" his interrogatories.  In their Opposition (Dkt. #105), the NDOC Defendants point out that Mr. Harden filed this Motion over a month after the deadline to file discovery motions provided in the Scheduling Order (Dkt. #79).  The NDOC Defendants further assert that the Motion should be denied because he failed to satisfy the meet and confer requirements.  Mr. Harden did not file a reply brief and the time for doing so has now run.  The Court has considered the Motion (Dkt. #100) and the NDOC Defendants' Opposition (Dkt. #105).

A threshold issue in the review of any motion to compel is whether the moving party made adequate efforts to resolve the dispute without court intervention.  Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Similarly, LR 26–7(b) of the Local Rules of Practice provides that discovery motions "will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."  As a general rule, parties with discovery disputes are required to conduct personal, two-way communication to attempt to resolve their disputes without judicial intervention.  *ShuffleMaster*, *Inc. v. Progressive Games*, *Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  This "meet and confer" obligation promotes an open exchange between litigants "to resolve issue by agreement or to at least narrow and focus matters in controversy

2

before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).

Mr. Harden's Motion (Dkt. #100) is denied for multiple reasons. First, the Motion is untimely. The Scheduling Order required that the parties file any discovery motions no later than October 27, 2015. The Motion was filed on December 1, 2015, and provides no explanation for why it was not filed on time. Second, Mr. Harden does not identify the specific interrogatories he believes are deficient, nor does he attach the interrogatories or the responses to his Motion as required by LR 26-7. The purpose of the rule is to enable the court to determine whether the discovery requests and/or the responses are appropriate and comply with the discovery rules. The Court cannot determine whether the NDOC Defendants fully or appropriated responses without seeing the request and the responses claimed incomplete.

In addition, the Motion does not demonstrate that Mr. Harden met and conferred in good faith with the NDOC Defendants or attempted to do so as required by LR 26–7(b) and Rule 37(a)(2)(B). Where one of the parties is an inmate, the Court does not require in-person meetings and allows the parties to meet and confer by telephone or by exchanging letters. Although the format of the meet-and-confer process changes, the substantive requirement remains the same-namely, the parties must engage in a good faith effort to meet and confer to resolve discovery disputes before seeking court intervention. Mr. Harden sent a letter to counsel for the NDOC Defendants on September 1, 2015, inquiring whether the NDOC Defendants had received his interrogatories. *See* Defs.' Opp'n (Dkt. #105), Exhibit D. The NDOC Defendants' response indicates that it served its Answers to Interrogatories by mail August 31, 2015, and supplemental answers were served September 8, 2015. Copies of the answers and supplements are attached as exhibits to NDOC's Response. The interrogatories were answered. No objections were made. Accordingly, the Motion is denied.

II.   **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. #101)**

Mr. Harden requests leave of the Court to file an amended complaint because he has learned through discovery that an "unnamed employee" was involved in his placement in a mental health unit. The NDOC Defendants' Opposition (Dkt. #114) asserts that his Motion

3

should be denied because it is untimely and Mr. Harden did not attach a proposed amended complaint. The Scheduling Order (Dkt. #79) states that September 14, 2015, was the deadline to amend pleadings or join additional parties, *id*. ¶¶ 1–2, and provides the following regarding extensions of deadlines:

> All motions or stipulations to extend any deadline set herein must be received by the Court at least **twenty-one (21) days** prior to the expiration of the subject deadline(s). Any request to extend filed less than twenty-one (21) days prior to the expiration of the subject deadline must be supported by a showing of excusable neglect, in addition to good cause.

*Id*. at 2 ¶ 7. Mr. Harden did not file a reply brief and the time for doing so has now run. The Court has considered the Motion (Dkt. #101) and the NDOC Defendants' Opposition (Dkt. #114).

Rule 15 provides that a party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). After that, a party may amend its pleading only by leave of the court or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). After the entry of a scheduling order, a request for leave to amend the pleadings is controlled by Rule 16(b), rather than Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992); *see also Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*., 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006) (noting that after a court has entered a scheduling order, "a request to amend the pleadings no longer is governed by Rule 15; rather, Rule 16 controls"). Only if a movant establishes good cause to modify the scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 609.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension"). A party's carelessness cannot support a finding of diligence. *Id.* Although the court may consider other factors, if the moving party was not diligent in seeking to modify a scheduling order, "the inquiry

4

should end." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (citation omitted).

In addition to showing good cause, a party must also establish that its failure to act was the result of excusable neglect. *See* LR 26-4(a) (a request to extend a scheduling order deadline made less than twenty-one days before expiration of that deadline must be supported by a showing of excusable neglect in addition to the good cause required by LR 6-1 and Rule 16). Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).

Here, the Motion (Dkt. #101) does not address the reason for its untimeliness. Without explanation for the late filing, Mr. Harden cannot satisfy the good cause standard or establish excusable neglect. But even if he had done so, Mr. Harden also failed to submit a proposed amended complaint. When seeking leave to amend a pleading, LR 15-1 requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading." The Court cannot grant leave to amend without examining a proposed amended complaint. The Motion is therefore denied.

### III. MOTION FOR EXTENSION OF TIME (DKT. #118)

In this Motion, filed December 28, 2015, Mr. Harden does not specifically state what deadline he wishes to extend. Although his request is unclear, it appears he may be seeking additional time to respond to the NDOC Defendants' Motion for Summary Judgment and to allow the Court to issue a ruling on his motions for leave to amend and for appointment of counsel. However, Mr. Harden filed an Opposition (Dkt. #117) to the summary judgment motion on December 29th. If Mr. Harden wanted an extension of time to oppose the summary judgment motion, his request is now moot.

The Motion may also be seeking an extension of discovery. Mr. Harden argues he has not had time to seek discovery on or about Dr. Grant Lee. The Scheduling Order (Dkt. #79) states that discovery would close on October 12, 2015, and notes the following regarding extensions:

All motions or stipulations to extend discovery deadlines shall include:

5

  (a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;
  (b) A specific description of the discovery which remains to be completed;
  (c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and
  (d) A proposed schedule for the completion of all remaining discovery.

*Id*. at 2 ¶ 7. The good cause and excusable neglect standards apply to all requests for extensions of discovery deadlines.

  Mr. Harden filed this Motion more than two months after the close of discovery. The Motion does not establish either good cause standard or show excusable neglect. The Motion also fails to state the specific discovery that Mr. Harden needs to complete regarding Dr. Grant Lee or propose a schedule to complete such discovery. The Court therefore denies the Motion.

  Accordingly,

  **IT IS ORDERED** that Plaintiff Harold D. Harden's Motion for an Order Compelling Discovery (Dkt. #100); Motion for Leave to File an Amended Complaint (Dkt. #101); and Motion for Extension of Time (Dkt. #118) are **DENIED**.

  Dated this 20th day of January, 2016.

                _____
                PEGGY A. LEEN
                UNITED STATES MAGISTRATE JUDGE

6