UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HAROLD D. HARDEN,<br><br>　　　　　　　　Plaintiff,<br>v.<br>C. MONNINGHOFF, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:14-cv-00377-APG-PAL<br><br>**ORDER**<br><br>(Mot. Appt. Counsel – Dkt. #102)<br>(Mot. Strike Response – Dkt. #122) |

This matter is before the Court on Plaintiff Harold D. Harden's Motion for Appointment of Counsel (Dkt. #102) and Motion to Dismiss or Strike Response (Dkt. #122). Mr. Harden is a prisoner in the custody of the Nevada Department of Corrections, and he is proceeding in this case *pro se* and *in forma pauperis*. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

**I.　MOTION FOR APPOINTMENT OF COUNSEL (DKT. #102)**

This is the sixth time Mr. Harden has asked the Court to appoint counsel to represent him. *See* Mots. for Appointment of Counsel (Dkt. #2, #7, #13, #14, #35, #102). The substance of this motion is largely the same as the previous motions. Mr. Harden asserts that he is not a lawyer, he cannot afford to hire counsel, and his incarceration limits his ability to investigate and litigate this case. He argues that his mental health impairment puts him at a great disadvantage, therefore, appointed counsel is warranted. The NDOC Defendants' Opposition (Dkt. #113) asserts that Mr. Harden has not demonstrated exceptional circumstances for the Court to appoint counsel. In his Reply (Dkt. #121),[1] Mr. Harden stresses that he has carefully explained to the

---

[1] Given the substance of this document, the clerk's office also filed it on the Court's docket as Mr. Harden's Reply. However, he incorrectly titled the document as a motion. The Court will further address the incorrect title below.

1

Court his medical and mental health problems and his level of education in order to show "exceptional circumstances" that would warrant the appointment of counsel. Mr. Harden argues that the appointment of counsel "will eliminate some if not all of the [obstacles] plaintiff is experiencing." *Id*. The Court has considered the Motion (Dkt. #102), the NDOC Defendants' Response (Dkt. #113), and Mr. Harden's Reply (Dkt. #121), despite its untimely filing.[2]

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an indigent litigant. *Id*. This statute does not require the court to appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a *pro bono* basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). In deciding whether to appoint counsel, courts should consider: (1) the likelihood of the success of the party's claims on the merits, and (2) the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling).

Mr. Harden's motion does not demonstrate a change of circumstances from his previous motions or the Court's orders denying his multiple requests for appointed counsel. *See* Orders (Dkt. #16, #46). Mr. Harden's previous motions requesting counsel stated his medical and mental health problems and his level of education, as does the current motion. However, those circumstances are not "exceptional."[3] Unfortunately, they are very common. Mr. Harden's claims are fairly straightforward, not particularly complex, and he has repeatedly demonstrated

---

[2] According to the docket, Mr. Harden's reply was due January 2, 2016, which fell on a Saturday. Since the court is closed on Saturdays, his reply was due no later than Monday, January 4th. The clerk's office did not receive Mr. Harden's reply until January 14th.

[3] The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015).

his ability to (i) articulate his claims in writing, (ii) submit motions, and (iii) engage in discovery with the NDOC Defendants. The Court appreciates that it is difficult for *pro se* parties to litigate their claims and that almost every *pro se* party would benefit from representation by counsel. However, Mr. Harden's situation does not present exceptional circumstances to call for the appointment of counsel. The motion is denied.

Additionally, to the extent Mr. Harden believes that counsel would persuade the Court to address his motions faster, that assertion is not true. Mr. Harden states his belief that the issues stated in his motions have "gone unaddressed sufficiently enough to where at this time it would be in Plaintiff's best interest to seek and obtain counsel." Motion (Dkt. #102) at 1. However, all litigants *and their counsel* must wait their turn. The Court has hundreds of open cases in which hundreds of documents are filed each day. Criminal cases have priority and, in the absence of a true emergency, civil cases and motions are processed in the order in which they are filed. The Court has warned Mr. Harden about filing duplicative (*i.e.* repeated) motions requesting the same relief. *See* Order (Dkt. #46) at 3; Order (Dkt. #78) at 2–3. As the Court explained in those orders, the reason duplicative request only slow down the process—they create more motions that require the parties to submit more briefing, and cause further delay. In short, Mr. Harden must wait his turn. If counsel was appointed, neither Mr. Harden nor his counsel would be able to cut in line.

II.   **MOTION TO DISMISS OR STRIKE RESPONSE (DKT. #122)**

As in multiple prior motions to "dismiss" the NDOC Defendants' responses, in this Motion to Dismiss or Strike (Dkt. #122), Mr. Harden asks the Court to "dismiss" or "strike" the NDOC Defendants' Response (Dkt. #113) to his latest Motion for Appointment of Counsel (Dkt. #102).

A court may "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). "Impertinent" means the statements "'do not pertain, and are not necessary to the issues in question'." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*

*other grounds*, 510 U.S. 517 (1994). In other words, allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence. *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d at 965. "Scandalous" matter is that which casts a cruelly derogatory light on a party or other person, *id.*, "most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (2d ed. 1990)).

The substance of Mr. Harden's arguments to "dismiss" or "strike" the NDOC Defendants' Response show that the Motion is really a reply in support of his motion for appointment of counsel, not a separate motion. *See* Mot. to Dismiss or Strike (Dkt. #122). The Federal Rules of Civil Procedure and the Local Rules of Practice provide for a motion, response (also known as an opposition), and a reply. *See* LR 7-2. A reply brief gives the party who filed the motion an opportunity to address the arguments raised in the opposing party's response. The NDOC Defendants' Response simply states their position as it relates to Mr. Harden's sixth request for appointment of counsel. The Response is not a claim subject to dismissal. The Response does not contain redundant, immaterial, impertinent, or scandalous matter that should be stricken from the record. The NDOC Defendants were entitled to file their opposition under the rules. Mr. Harden was also entitled to file a reply brief under the rules. A motion to "dismiss" or "strike" was not the proper way to present reply arguments in support of the request for counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff Harold D. Harden's Motion for Appointment of Counsel (Dkt. #102) and Motion to Dismiss or Strike Response (Dkt. #122) are **DENIED**.

Dated this 20th day of January, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4