UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD HARDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. MONNINGHOFF and AGULAR,<br><br>　　　　　Defendants. | Case No. 2:14-cv-00377-APG-PAL<br><br>**ORDER (1) DENYING PETITION FOR DECLARATORY JUDGMENT, MOTION FOR RULE 11 SANCTIONS, MOTION TO PRODUCE, MOTION TO SUBPOENA, AND MOTION TO STRIKE, AND (2) GRANTING MOTION TO SUBMIT EXHIBIT AND MOTION FOR DECISION**<br><br>(Dkt. Nos. 85, 120, 126, 136, 137, 138, 140) |

　　Plaintiff Harold Harden filed a petition seeking a declaratory judgment (Dkt. #85) that the parties have settled this action. I previously denied a similar motion by Harden. (Dkt. #65.) In his petition, Harden has not shown that the parties entered into a settlement agreement nor has he identified the terms of the alleged agreement. I therefore deny it.

　　Harden also filed a motion for Rule 11 sanctions (Dkt. #120), claiming that the defendants refuse to acknowledge the settlement agreement he purportedly entered into with former Deputy Attorney General Kali Fox Miller on December 24, 2014. Harden attaches a December 24, 2014 letter from Miller, which he contends shows the parties settled. (Dkt. #120-1 at 2.) However, Harden still has not identified the terms of the purported settlement. Additionally, the letter from Miller shows that she intended to schedule a settlement conference in the future, which belies the suggestion that the parties had already settled the case. (*Id.* ("I will be scheduling a settlement conference in January for further discussion on the issues you raised and resolving this case.").)

　　Harden next filed a motion to produce Miller to verify the settlement (Dkt. #126). I deny this motion because discovery has closed. (Dkt. #79.) I previously advised Harden that he could pursue evidence supporting his claim that the case had settled during discovery. (Dkt. #65 at 2 ("To the extent Harden seeks to obtain evidence to support his allegations of a settlement

agreement, or any other information, he may do so once discovery has opened."). He apparently did not do so even though the alleged settlement occurred long before the close of discovery. For these same reasons, I deny Harden's motion to subpoena Miller (Dkt. #136).

Next, Harden filed a motion for permission to submit an exhibit in support of his motion for sanctions (Dkt. #137). I grant the motion to submit the exhibit, but it does not alter the result. Exhibit E shows only that Miller was scheduled to speak with Harden on December 24, 2014. (Dkt. #137 at 2.) It does not demonstrate that the parties reached a settlement or the terms of the alleged settlement.

Finally, Harden moves to strike the defendants' opposition to his motion to subpoena Miller (Dkt. #140). Harden again contends the parties have reached a settlement and that he has provided the terms of that settlement in docket numbers 85, 61, and, 71. I have reviewed those filings and none of them outlines the terms of the purported settlement.

IT IS THEREFORE ORDERED that plaintiff Harold Harden's petition for declaratory judgment **(Dkt. #85) is DENIED.**

IT IS FURTHER ORDERED that plaintiff Harold Harden's motion for Rule 11 sanctions **(Dkt. #120) is DENIED.**

IT IS FURTHER ORDERED that plaintiff Harold Harden's motion to produce Miller **(Dkt. #126) is DENIED.**

IT IS FURTHER ORDERED that plaintiff Harold Harden's motion to subpoena Miller **(Dkt. #136) is DENIED.**

IT IS FURTHER ORDERED that plaintiff Harold Harden's motion for permission to submit exhibit **(Dkt. #137) is GRANTED.**

IT IS FURTHER ORDERED that plaintiff Harold Harden's motion for notice of decision on his petition for declaratory judgment **(Dkt. #138) is GRANTED.**

////

////

////

IT IS FURTHER ORDERED that plaintiff Harold Harden's motion to strike **(Dkt. #140)** **is DENIED**.

DATED this 16th day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE